No. 9326.

BUNDY *v.* POOL ET AL.

SUPREME COURT.—*Assignment of Error.—Defect of Parties.*—A defect of parties defendants can not be taken advantage of by a specification in an assignment of errors, that the complaint does not state facts sufficient to constitute a cause of action.

SAME.—*Complaint.—Prayer.*—Informality or insufficiency in the prayer of a complaint is not reached by such a specification of error.

From the Grant Circuit Court.

*G. W. Harvey*, for appellant.

*I. Van Devanter* and *J. W. Lacey*, for appellees.

ELLIOTT, J.—The appellees' complaint is founded upon a promissory note executed to Charles Beeson, by the appellant.

There was no demurrer to the complaint, but its sufficiency is here challenged by the assignment of errors.

If it were true, as appellant asserts, that the note was transferred by delivery, and that Beeson was not made a party to answer as to his interest, the attack upon the complaint could not prevail. A defect of parties can not be taken advantage of by an assignment of errors in a case where there has been no demurrer alleging, as a cause, such a defect.

Informality or insufficiency in the prayer of a complaint is not ground for demurrer, much less for such an assignment of errors as that here relied on.

Some other objections are urged against the complaint, but

we deem it unnecessary to do more than say that they are such as would not have prevailed if presented before verdict upon demurrer, and are, of course, unavailing when presented, as they now are, after verdict and judgment.

Judgment affirmed.